RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/27/11
/s/ JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| OTIS R. MCKINLEY | DOCKET NO. 11-CV-1366; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| WARDEN, AVOYELLES CORRECTIONAL | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se Petitioner Otis R. McKinley filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner failed to submit the petition on an approved form and also failed to submit either the five dollar ($5.00) filing fee or an application to proceed *in forma pauperis* (IFP). On August 16, 2011, a memorandum order was issued directing the petitioner to use the proper form and to submit either the filing fee or an IFP application by September 15, 2011. [Doc. #3] To date, Petitioner has not submitted the proper form, an IFP application, or the filing fee. Thus, he has failed to comply with the memorandum order.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the Petitioner to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. <u>Link v. Wabash R.R.Co.</u>, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the

calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).

Because Petitioner has failed to comply with a court order, **IT IS RECOMMENDED** that his petition be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 26th day

of September, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE